UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RONALD HALL,                          :
    Plaintiff,                        :
                                      :
    v.                                :     Civil No. 3:15-cv-1603(AWT)
                                      :
PILLAI, et al.,                       :
    Defendants.                       :

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Ronald Hall, commenced this civil rights

action pro se.  The defendants, Dr. Omprakash Pillai, Health

Services Administrator Rikal Lightner and Nursing Supervisor

Erin Dolan, have moved for summary judgment.  For the reasons

that follow, the motion for summary judgment is being granted as

to the claim against defendant Pillai and denied as to the claim

against defendants Lighter and Dolan.

## I.    LEGAL STANDARD

A motion for summary judgment may be granted only where

there are no issues of material fact in dispute and the moving

party is therefore entitled to judgment as a matter of law.

Rule 56(a), Fed. R. Civ. P.; Redd v. New York Div. of Parole,

678 F.3d 166, 173-74 (2d Cir. 2012).  "When the nonmoving party

will bear the burden of proof at trial, the moving party can

satisfy its burden at summary judgment by 'pointing out to the

district court' the absence of a genuine dispute with respect to

any essential element of its opponent's case: 'a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'"  Cohane v. National Collegiate Athletic Ass'n, 612 F. App'x 41, 43 (2d Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'"  Robinson v. Concentra Health Servs., 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted).  He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  Although the court reads pro se papers liberally and interprets them to raise the strongest arguments they suggest, Willey v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and are insufficient to oppose a properly supported motion for summary judgment.  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

## II. **FACTS**[1]

The plaintiff's claims concerns the period between October 30, 2012, and June 2014. See Am. Compl., ECF No. 10-2 at 3. In his deposition, the plaintiff conceded that any issues arising after June 2014 were quickly resolved to his satisfaction.

Defendant Lightner, a Health Services Administrator, supervises medical staff and nurses who provide support for the doctors at MacDougall-Walker Correctional Institution ("MacDougall"). Her subordinates include those persons who collect Inmate Request and Health Services Review Forms, triage these forms, schedule appointments and provide medical treatment. Defendant Dolan is a nursing supervisor at MacDougall. Neither defendant Dolan nor defendant Lightner typically provide direct patient care.

---

[1] The facts are taken from the defendants' Local Rule 56(a) Statements and exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)2 and 56(a)3. Although the defendants informed the plaintiff of this requirement, ECF No. 37-5, he has not submitted a Local Rule 56(a)2 Statement. Accordingly, the defendants' facts are deemed admitted. See D. Conn. L. Civ. R 56(a)1 ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact.").

Any inmate dissatisfied with a diagnosis or treatment, may request a Health Services Review.  Once a Health Services Review Form is properly filed, an appointment will be scheduled with a doctor as soon as possible at no cost to the inmate to determine what action, if any, should be taken.  If the doctor decides that the existing diagnosis or treatment is appropriate, the inmate will have exhausted the health services review process. The doctor will make an entry in the inmate's medical records describing the visit as a Health Services Review Appointment and noting the results of the visit.

During the relevant time period, defendant Pillai and other medical providers at MacDougall, prescribed pain medication for the plaintiff to address neck pain and diabetic neuropathy in his feet.  The prescribed medications included prescription strength Motrin, Tylenol, Naproxen, Topamax, Elavil and Baclofen.  The plaintiff was permitted to keep the Motrin and Tylenol on his person; he was given a certain number of pills to take as needed.

At times, the plaintiff reported to nursing staff that his supply of Motrin and/or his Naproxen had run out or was running out.  The plaintiff was never entirely without pain medication at any time during the period relevant to this action, from December 2012 until he was transferred to a different correctional facility in 2015.  He received Elavil on a daily

4

basis during this entire period.  Defendant Dolan told the
plaintiff to submit his requests for refills 3-5 days before he
would run out to lessen the chance of a gap in medication.

During the time relevant to this action, defendant Hall did
not submit any Health Services Review Forms relating to the type
of pain medication he was receiving.  He did submit three Health
Services Review Forms, i.e. in January 2014, May 2014 and
January 2015, relating to the timing of refills.  Defendant
Dolan answered the January 2015 request.  Her response indicated
that the issue had been resolved before she received the form
and that the plaintiff was satisfied with the result.

The January 2014 and May 2014 Health Services Review Forms
were returned without disposition because the plaintiff had not
properly utilized the informal review process before submitting
the forms.  None of the plaintiff's Inmate Request Forms were
ignored.  If one had been ignored, that would be a legitimate
ground for a Health Services Review.

Dr. Pillai regularly treated the plaintiff for a variety of
conditions including a complaint of neck pain relating to an
incident prior to his incarceration.  During the relevant time
period, Dr. Pillai first examined the plaintiff on December 7,
2012.  Dr. Pillai noted complaints of migraines and neck pain
resulting from degenerative joint disease.  The plaintiff also
reported a history of diabetic neuropathy that was helped by

Elavil. Dr. Pillai had previously ordered x-rays which confirmed the degenerative joint disease at C5-6 and C6-7. Dr. Pillai recommended that the plaintiff perform range of motion exercises for his neck. He prescribed Motion as needed for thirty days and Elavil for six months.

On January 14, 2013, Dr. Pillai reordered the Motrin for two months. He also increased the dosage of Elavil in response to the plaintiff's complaint that the Elavil helped but did not help enough. On March 22, 2013, Dr. Pillai reordered the Motrin for three months to be taken on an as needed basis. On July 1, 2013, Dr. Pillai reordered the Motrin for thirty days and again increased the dosage of Elavil.

Dr. Pillai next met with the plaintiff on August 12, 2013. They discussed the side effects of Motrin and agreed to try Tylenol for three months. On October 23, 2013, Dr. Pillai saw the plaintiff for a follow-up visit. The plaintiff complained of neck pain radiating over his right shoulder and reported that he had tried many types of pain medication in the past without significant relief. Dr. Pillai noted that the plaintiff had tried NSAIDs, Tylenol, Elavil, Neurontin and Flexeril without relief. The plaintiff told Dr. Pillai that a surgeon in the community had prescribed Topamax, Naproxen and Soma and that these medications had afforded some relief. Dr. Pillai and the plaintiff discussed a plan to try these medications for two

6

weeks.  Topamax and Soma are non-formulary drugs.  Dr. Pillai
could not prescribe them without approval.

On October 24, 2013, Dr. Pillai prescribed Naproxen as
needed for three months and ordered Topamax for one week.  On
November 1, 2013, after receiving approval, Dr. Pillai
prescribed Topamax for eight months, until June 10, 2014.  He
also prescribed Soma.

On January 10, 2014, the plaintiff's Elavil dosage was
again increased.  On February 5, 2014, Dr. Pillai prescribed
Naproxen for three months.  On May 6, 2014, Dr. Pillai extended
the prescription until June 30, 2014.

On June 10, 2014, Dr. Pillai met with the plaintiff for a
follow-up regarding neck pain.  The plaintiff had not received
the two week trial of Soma due to an oversight by pharmacy or
medical staff.  Naproxen, Elavil and Topamax helped with the
plaintiff's symptoms but did not entirely relieve them.  Dr.
Pillai recommended, and the plaintiff agreed, to replace Soma
with Baclofen, which was less addictive and taken daily.  On
June 11, 2014, Dr. Pillai prescribed Baclofen for three days.
On June 14, 2014, he increased the dosage for another three
days.  On June 17, 2014, Dr. Pillai increased the Baclofen
prescription to the desired dosage and prescribed it for three
months.  Dr. Pillai also extended the prescriptions for Topamax,
Naproxen and Elavil.  In September 2014, Dr. Pillai extended the

Baclofen prescription for another six months.

Dr. Pillai last saw the plaintiff on December 15, 2014. The plaintiff continued to complain of neck pain. Treatment with Naproxen, Topamax, Elavil and Baclofen was continued until the plaintiff transferred to another correctional facility in April 2015.

## III. __DISCUSSION__

In the Initial Review Order relating to the Amended Complaint, the court concluded that the plaintiff had alleged sufficient facts to state a claim for deliberate indifference to serious medical needs based on his allegations that his prescribed pain medication was replaced with an anti-inflammatory and his complaints of pain were ignored. See ECF No. 11 at 5.

The defendants move for summary judgment on three grounds. First, they argue that the plaintiff has not exhausted his administrative remedies. Second, the defendants contend that the plaintiff has not demonstrated the personal involvement of supervisory defendants Lightner and Dolan. Third, they argue that they were not deliberately indifferent to a serious medical need.

### A.    __Exhaustion of Administrative Remedies__

The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit

relating to prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. See Booth v. Churner, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. See Woodford v. Ngo, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out ... (so that the agency addresses the issues on the merits) ... [and] demands compliance with agency deadlines and other critical procedural rules"). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), overruled on other grounds by Porter, 534 U.S. 516 (2002). Special circumstances will not relieve an inmate of his or her

obligation to adhere to the exhaustion requirement.  An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable.  See Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016).

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies and may be found at: http://www.ct.gov/doc (effective August 15, 2013). Section 4(L) provides that a request for review of any matter relating to health care services is filed pursuant to Directive 8.9, entitled Administrative Remedy for Health Services, found at: http://www.ct.gov/doc (effective July 24, 2012).

The inmate must first attempt to seek informal resolution of the complaint face to face with the appropriate staff member or in writing with a supervisor.  A response should be issued within fifteen days from the receipt of a written request. Section 8.9(10).  If the inmate is not satisfied with his diagnosis or treatment and informal resolution was not successful, he may seek an administrative remedy by filing form CN 9602 and checking the "Diagnosis/Treatment" box and explaining concisely the nature of his dissatisfaction.  Section 8.9(11).  Upon receipt of the form, the Health Services Review Coordinator will schedule a Health Services Review Appointment with a physician as soon as possible to determine what action,

if any, should be taken.  The appointment is entered in the

inmate's medical records as a Health Services Review

Administrative Remedy appointment.  If the reviewing physician

determines that the existing diagnosis or treatment is

appropriate, the inmate has exhausted the health services

review.  Section 8.9(11)(A).

A log and file of every Health Services Review request and

appeal shall be maintained by the Health Services Review

Coordinator.  Section 8.9(13)(A) & (B).

The defendants have submitted the affidavit of defendant

Lightner, who states that she is the ultimate custodian of

medical records at MacDougall.  Defendant Lightner states that

she has reviewed all medical records, grievance logs and inmate

requests of the plaintiff from October 2012 until his transfer

from MacDougall in 2015.  The records show that the plaintiff

did not submit any Health Services Review forms regarding the

type of medication he was prescribed.  The records contain three

Health Services Review forms regarding the timing of

prescription refills.  Forms submitted in January 2014 and May

2014 were returned to the plaintiff without disposition because

he did not first attempt informal resolution.  Defendant Dolan

responded to the January 2015 form, and her response indicated

that the issue had been resolved before the form reached her.

The plaintiff has not responded to the motion for summary

judgment and, thus, has submitted no evidence that he submitted any other Health Services Review forms relating to these issues.

The plaintiff has two deliberate indifference claims. The first claim, directed only to Dr. Pillai, relates to the type of medication prescribed to the plaintiff. As he filed no Health Services Review on that issue, the plaintiff has not exhausted his administrative remedies with regard to the first claim.

The second claim is that the plaintiff was not timely provided refills of prescriptions. The plaintiff does not provide any specific dates in his amended complaint. He alleges only that the problems with expired prescriptions occurred between October 2012 and June 2014, and that he notified defendants Lightner and Dolan about the problems but they did nothing. Doc. #10-2 at 3-4.

Defendant Lightner states that the plaintiff filed only three Health Services Review forms on this issue. The forms from January 2014 and May 2014 were returned without disposition for failure to comply with the required procedures. Thus, the plaintiff has not exhausted his administrative remedies with regard to the incidents included on those forms.

The plaintiff properly submitted a Health Services Review form in January 2015. The form was referred to defendant Dolan, but her response indicated that the issue was resolved before she received the form. As the issue was resolved, the court

12

concludes that the plaintiff exhausted his administrative remedies with regard to the incident underlying the January 2015 form.

### B.  **Personal Involvement**

Defendants Lightner as Health Services Administrator and Dolan as Nursing Supervisor are supervisory officials.  They do not routinely provide direct patient care.

To state a claim for supervisory liability, the plaintiff must demonstrate that the defendants (1) actually and directly participated in the alleged constitutional violation; (2) failed to remedy a wrong after being informed of it though a report or appeal; (3) created or approved a policy or custom that sanctioned objectionable conduct that rose to the level of a constitutional violation, or permitted such a policy or custom to continue; (4) were grossly negligent in their supervision of the officers who committed the constitutional violation; or (5) were deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  See Shaw v. Prindle, 557 F. App'x 71, 73 (2d Cir. 2014) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)); see also Shakir v. Derby Police Dep't, 284 F. Supp. 3d 165, 184 (D. Conn. Jan. 5, 2018) (following Colon because, although the Supreme Court may have heightened pleading requirements for supervisory liability, Second Circuit has not

rejected standard in Colon); Stephens v. Venettozzi, No. 13-CV-

5779(RA)(DF), 2016 WL 929268, at *12 (S.D.N.Y. Feb. 24, 2016)

(noting that in context of Bivens claim, Second Circuit has held

that "regardless of the description applied to a particular

theory or type of conduct, supervisory liability is permissible

where, and only where, the defendant's conduct itself 'reflects

the elements of the underlying constitutional tort.'" (quoting

Turkmen v. Hasty, 789 F.3d 218, 250 (2d Cir. 2015)).

The plaintiff alleges[2] that, between October 2012 and June

2014, he informed defendants Lightner and Dolan, both verbally

and in writing, when his prescriptions expired but they did

nothing.  ECF No. 10-2 at 3.  The court concludes that the

plaintiff is asserting a claim, under the second Colon category,

that defendants Lightner and Dolan failed to remedy the problem

after being informed of it though reports.

The only remaining claim is the delay in refill or renewal

underlying the January 2015 Health Services Review form.  As

neither party has submitted the form, the court cannot identify

the date on which the plaintiff claims his prescription was not

promptly refilled or renewed.  In addition, Directive 8.9 does

---

[2] As the complaint is sworn under penalty of perjury, the court
considers it as an affidavit in opposition to the motion for summary
judgment.  See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) ("A
verified complaint is to be treated as an affidavit for summary
judgment purposes, and therefore will be considered in determining
whether material issues of fact exist, provided that it meets the
other requirements of an affidavit….").

not include in the procedures for filing Health Services Review

forms any requirement that the form be filed within a certain

number of days after the incident. See Directive 8.9 (10) (no

time limits for informal resolution) & (11) (time limits only

for responses to Health Services Review forms).

Defendant Dolan has not submitted an affidavit in support

of the motion for summary judgment. Defendant Lightner

acknowledges in her affidavit that both she and defendant Dolan

were made aware at various times that the plaintiff's

prescriptions had run out. See ECF No. 37-4 at 4, ¶24. The

defendants have not submitted a copy of the plaintiff's medical

records to confirm the dates on which he complained about his

medication renewals or any information regarding when they

became aware of the issues.

Absent such evidence, the court cannot determine whether

defendants Lightner and Dolan were aware of the incident

underlying the January 2015 Health Services Review form prior to

resolution of the issue. Thus, the defendants' motion for

summary judgment on the ground that defendants Dolan and

Lightner were not personally involved is being denied.

C.    **Deliberate Indifference to a Serious Medical Need**

The defendants argue that they were not deliberately

indifferent to a serious medical need. As the plaintiff has not

exhausted his administrative remedies with regard to any of the

claims against Dr. Pillai, the court need consider only whether defendants Lightner and Dolan were deliberately indifferent to the plaintiff's medical needs.

The Eighth Amendment forbids deliberate indifference to serious medical needs of prisoners." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks and citation omitted). To establish a claim for deliberate indifference to a serious medical need, the plaintiff must allege facts demonstrating two elements.

The first element is objective; "the alleged deprivation of adequate medical care must be sufficiently serious." Id. (internal quotation marks omitted). Under this objective element, a court must determine first, "whether the prisoner was actually deprived of adequate medical care," and second, "whether the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006). The defendants concede that the plaintiff suffers from degenerative changes in his cervical vertebrae and has a history of diabetic neuropathy. He takes strong pain medication to address these issues. Although the defendants state that the plaintiff suffered "from mild degenerative changes," ECF No. 37-1 at 10, they do not argue that the plaintiff's medical needs were not serious. Thus, the court assumes, for purposes of this motion, that the plaintiff has a serious medical need.

16

The second element is subjective; the defendants "must be subjectively reckless in their denial of medical care." Spavone, 719 F.3d at 138. The inquiry is whether each defendant "has knowledge that an inmate faces a substantial risk of serious harm and ... disregards that risk by failing to take reasonable measures to abate the harm." Lewis v. Swicki, 629 F. App'x 77, 79 (2d Cir. 2015) (quoting Farmer v. Brennan, 511 U.S. 825, 837-38 (1994)) (internal quotation marks omitted). The defendants must have acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks omitted).

The plaintiff alleges that, after informing defendants Lightner and Dolan of his issues, nothing was done and he often was left in severe pain without medication for weeks. See ECF No. 10-2 at 3-4. Defendant Lightner, on the other hand, states in her affidavit that the plaintiff's requests to her or defendant Dolan about the timing of medication refills "were always addressed promptly." ECF No. 37-4 at 5, ¶36. These contradictory statements, neither of which is supported by documentary evidence, create a genuine issue of material fact with respect to the subjective component of the deliberate indifference standard, which must be resolved at trial. Thus,

17

the defendants' motion for summary judgment is being denied as to defendants Lightner and Dolan.

## III. <u>CONCLUSION</u>

The defendants' motion for summary judgment [ECF No. 37] is hereby GRANTED as to the claim against Dr. Pillai and DENIED as to the claim against defendants Lightner and Dolan.

It is so ordered.

Signed this 10th day of April 2018 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge
